1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEFF WREN,                                          1:10-cv-01160-JLT (HC)

12              Petitioner,
                                                          ORDER TRANSFERRING CASE TO
13    vs.                                                 THE UNITED STATES DISTRICT COURT
                                                          FOR THE EASTERN  DISTRICT OF
14    UNKNOWN,                                            CALIFORNIA, SACRAMENTO DIVISION

15              Respondent.

16    _____/

17          Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28

18    U.S.C. § 2254, challenging his June 30, 2008 conviction in the Placer County Superior Court.  (Doc.

19    1).

20          On June 29, 2010, Petitioner filed a motion to proceed in forma pauperis.  (Doc. 2).

21    However, to date the Court has not ruled upon this motion.

22          The federal venue statute requires that a civil action, other than one based on diversity

23    jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

24    reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

25    giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

26    is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

27    which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

28          In a habeas matter, venue is proper in either the district of conviction or the district of

                                                    -1-

1   confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the

2   proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman,

3   875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to

4   challenge the execution of a sentence is the district where the prisoner is confined.").

5          In this case, Petitioner challenges his conviction in the Placer County Superior Court, which

6   is located within the Sacramento Division of the Eastern  District of California.  Therefore, the

7   petition should have been filed in the United States District Court for the Eastern  District of

8   California, Sacramento Division.  In the interest of justice, a federal court may transfer a case filed in

9   the wrong district to the correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d

10  918, 932 (D.C. Cir. 1974).

11         Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

12  District Court for the Eastern District of California, Sacramento Division.  All future filings shall

13  reference the new Sacramento case number assigned and shall be filed at:

14         United States District Court
        Eastern District of California
15         Sacramento Division
        501 "I" Street, Suite 4-200
16         Sacramento, CA 95814

17

18  IT IS SO ORDERED.

19  Dated:   **July 21, 2010**                              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28

                                              -2-