IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF WREN,

        Petitioner,                   No. 2:10-cv-1924 KJN P

    vs.

U.S. EASTERN DISTRICT COURT,

        Respondent.                ORDER

        Petitioner is a state prisoner proceeding without counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 28, 2010, the application was dismissed and petitioner was granted leave to file an amended petition that named the proper respondent. However, on August 13, 2010, petitioner filed an amended petition in which he named the U.S. Eastern District Court as respondent. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition," Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994), and the court is required to consider sua sponte whether the named respondents have the power to provide the relief sought in a habeas corpus action. See Smith v. Idaho, 392 F.3d 350, 355 n.3 (9th Cir. 2004). As explained in this court's July 28, 2010 order, petitioner must name as respondent the warden of the prison where he is incarcerated. Accordingly, the amended petition must also be dismissed with leave

1

to file a second amended petition.  See Stanley, 21 F.3d at 360.

Moreover, the court notes that the remainder of the amended petition submitted by petitioner was blank.  Petitioner is cautioned that the second amended petition must contain the allegations raised in his initial petition.  The court cannot refer to a prior pleading in order to make plaintiff's second amended petition complete.  Local Rule 220 requires that an amended pleading be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended pleading supersedes the original pleading.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once petitioner files a second amended petition, the original petition no longer serves any function in the case.  Therefore, in a second amended petition, as in an original petition, each claim must be sufficiently alleged.  Petitioner is cautioned that failure to comply with this order may result in a recommendation that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's amended application for writ of habeas corpus is dismissed with leave to file a second amended petition within thirty days from the date of this order;

2. Any second amended petition must be filed on the form employed by this court, must name the proper respondent, and must state all claims and prayers for relief on the form.  It must bear the case number assigned to this action and must bear the title "Second Amended Petition"; and

3. The Clerk of the Court is directed to send petitioner the form for habeas corpus application, along with a copy of the June 28, 2010 original petition.

DATED:  August 23, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wren1924.122x

2