IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF WREN,

      Petitioner,                     No. 2:10-cv-1924 KJN P

   vs.

JAMES A. YATES,                  ORDER AND

      Respondent.              FINDINGS & RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 4, 2010, respondent filed a request to consolidate cases. Respondent points out that petitioner has filed two separate petitions challenging his 2008 conviction for felony driving under the influence of alcohol with two prior strike convictions. Respondent seeks consolidation of these two actions.

        Comparison of the original petition filed in 2:10-cv-1735 MCE EFB P[1] and the original petition filed in this action reveals each petition is a duplicate of the other. It appears a second habeas action was opened using a photocopy or second handwritten copy of the original

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

petition.[2]  Both petitions raise the same claims.  The only difference between the petitions is the number of pages of exhibits is different.  The total pages filed in 2:10-cv-1735 MCE EFB P is 188 pages, where the total pages filed in the instant action is 192 pages.[3]

Moreover, review of the third amended petition filed in the instant action, required to supplant the name of the proper respondent, reveals that the only difference between the third amended petition and the original petition is the interlineation of James A. Yates, Warden, as respondent.

Due to the duplicative nature of the present action, the court will deny the motion for reconsideration and recommend that the instant petition be dismissed.  Other than objections to these findings and recommendations, all further filings related to the petition challenging the 2008 conviction shall be filed in 2:10-cv-1735 MCE EFB P.[4]

In accordance with the above, IT IS HEREBY ORDERED that

1. Respondent's November 4, 2010 motion to consolidate cases is denied; and

2. The Clerk of the Court is directed to assign a district judge to this case.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.  See Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[2] Petitioner's actions were initially filed in the Fresno Division of the Eastern District and subsequently transferred to this division.  See 1:10-cv-1160 JLT and 1:10-cv-1171 SKO.

[3] Both parties have benefit of both sets of exhibits.  If either party wishes to have exhibits submitted in the instant action filed in Case No. 2:10-cv-1735 MCE EFB P, party may request it.

[4] Pursuant to the October 27, 2010 order, petitioner must response to respondent's September 22, 2010 motion to dismiss within 21 days from the date of that order.  Id., Dkt. No. 16.

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wren1924.dm